**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: ) | |
| ) | |
| JOHN WESLEY NELSON, ) | Case No. 04-31408-JWV |
| ) | |
| Debtor, ) | |
| ) | |
| HEIDI BRADLEY YORK, ) | |
| ) | |
| Plaintiff, ) | Adv. No. 04-3051-JWV |
| v. ) | |
| ) | |
| JOHN WESLEY NELSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on the motion for summary judgment filed by Plaintiff Heidi Bradley York ("York") against Debtor and Defendant John W. Nelson ("Debtor"). York contends that the $29,925 debt owed to her by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and that she is entitled to judgement as a matter of law because the debt arises from a judgment by the Circuit Court of Jasper County in which the court found that York suffered damages as a result of the Debtor's fraudulent acts. Under the doctrines of *res judicata* and collateral estoppel, she argues, he cannot re-litigate those findings. The Debtor maintains that the doctrine of *res judicata* does not apply in this case because the claim adjudicated did not involve a determination under § 523(a)(2)(A), and that the doctrine of collateral estoppel does not apply because there was never a trial on the merits.

Upon consideration of the pleadings and relevant law, the Court will grant York's motion for summary judgment on Count I of her complaint.

### I. STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law."[1] The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact.[2] Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.[3] The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment.[4] In ruling on a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."[5]

## II. BACKGROUND

On March 29, 2004, York initiated a lawsuit against the Debtor in the Circuit Court of Jasper County for damages arising from Nelson's allegedly fraudulent conduct in selling and building (but never completing) a swimming pool for York.[6] The Debtor filed an answer to the lawsuit, but on July 28, 2004, the Circuit Court struck his answer and entered default judgment against him as a sanction for his failure to appear at a deposition. On August 4, 2004, the Circuit Court entered judgment against the Debtor and specifically found that the Debtor had committed fraud, that York had incurred $18,425 in damages from his fraudulent conduct, and that York was entitled to $1,500 in attorney's fees and $10,000 in punitive damages.

The Debtor filed for protection under chapter 7 of the Bankruptcy Code on October 28, 2004.

---

[1] Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

[2] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S. Ct. 1598, 1611, 26 L. Ed. 2d 142 (1970).

[3] *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts").

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

[5] *Id.* at 255.

[6] Case No. 04CV680594

## III. DISCUSSION

Section 523(a)(2)(A) excepts from discharge debts for money, property, or services obtained by false pretenses, false representations, or actual fraud.[7] York argues that she is entitled to summary judgment because, under the doctrines of *res judicata* and collateral estoppel, the Debtor cannot relitigate the Circuit Court's findings of fraud, which also support a determination of nondischargeability under § 523(a)(2)(A). The Debtor responds that *res judicata* does not apply because the Circuit Court judgment did not involve a determination of the dischargeability of debt, and that collateral estoppel, or "issue preclusion," does not apply here because a trial on the merits is necessary for collateral estoppel to apply, and the Circuit Court judgment was not on the merits.

The Debtor is correct that *res judicata* does not apply here because the Circuit Court judgment did not involve a determination under § 523(a).[8] However, contrary to the Debtor's argument, collateral estoppel does apply.[9]

Whether a particular judgment will be given preclusive effect under the doctrine of collateral estoppel turns on state law.[10] Missouri courts require four elements for the application of collateral estoppel: (1) the issue in the present case and the prior adjudication must be identical; (2) the judgment in the prior adjudication must be on the merits; (3) the party against whom collateral estoppel is asserted must have been the same party or in privity with a party in the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior suit.[11]

In this case, the Circuit Court judgment satisfies all of the elements necessary for the application of collateral estoppel.

---

[7] 11 U.S.C. § 523(a)(2)(A).

[8] *In re Jones*, 287 B.R. 188, 193 (Bankr. E.D. Mo. 2001).

[9] Collateral estoppel applies to bankruptcy dischargeability proceedings brought under § 523(a). *In re Donovan*, 255 B.R. 224, 227 (Bankr. D. Neb. 2000). *See also, Grogan v. Garner*, 498 U.S. 279, 284-85, 111 S. Ct. 654, 657-58, 112 L.Ed.2d 755 (1991).

[10] *Scarborough v. Scarborough*, 171 F.3d 638, 641 (8th Cir. 1999).

[11] *Id*. (citing *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. 1996)).

First, the issue of fraud adjudicated in the Circuit Court case is the same as the issue of fraud now before the Court. In an action under § 523(a)(2)(A), a plaintiff has the burden of proving that: (1) the debtor made a false representation; (2) at the time the representation was made the debtor knew it was false; (3) the debtor subjectively intended to deceive the creditor at the time he made the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor was damaged. *In re Eggleston*, 243 B.R. 365, 373 (Bankr. W.D. Mo. 2000). Under Missouri law, the elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his representation be acted upon; (6) the hearer's ignorance of the falsity; (7) his reliance on the truth of the representation; (8) the hearer's right to rely on the representation; and (9) the hearer's subsequent and proximate injury.[12] Although the elements of fraud are phrased differently under Missouri law than they are for purposes of § 523(a)(2)(A), they are substantively the same.[13]

Second, the Circuit Court judgment entered against the Debtor constitutes a judgment on the merits, despite the fact that it was called a "default" judgment. The term default judgment is usually used to refer to a judgment entered as a result of a defendant's failure to file a responsive pleading to a petition. In this case, however, the default judgment was not entered as a result of the Debtor's failure to file an answer to the petition; rather, it was entered as a sanction for his failure to attend his deposition, and such default judgments are considered judgments on the merits under Missouri law.[14] Thus, the Circuit Court default judgment will be considered a judgment on the merits for collateral estoppel purposes.

The third element is met because the parties in the current proceeding are identical to the parties in the prior litigation.

Finally, the fourth element of the collateral estoppel test is met because Missouri law does not require that the matter be actually litigated. It only requires that the Defendant had the opportunity to

---

[12] *PaineWebber, Inc. v. Voorhees*, 891 S.W.2d 126, 128 (Mo. 1995).

[13] *In re Jones*, 287 B.R. at 194 (Bankr. E.D. Mo. 2001).

[14] *Id.*; *In re Marriage of DeWitt*, 946 S.W.2d 258, 261 (Mo. Ct. App. 1997); *Cotleur v. Danziger*, 870 S.W.2d 234, 236 (Mo. 1994).

4

litigate, and Nelson clearly had that opportunity.[15] The default judgment was entered as a direct result of the Debtor's negligent (or willful) failure to participate in the litigation, and the Court will not now reward his conduct with a second opportunity to litigate issues for which a Missouri court has already found him liable.[16]

### IV.  CONCLUSION

For the reasons stated above, York is entitled to summary judgment on Count I of her petition. Accordingly, the Court finds that the $29,925 debt owed by the Debtor to York is excepted from discharge pursuant to § 523(a)(2)(A).

This opinion constitutes the Court's findings of fact and law. A separate order will be issued pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 7th day of April 2005.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Norman E. Rouse
Thomas L. Williams

---

[15] *In re Donovan*, 255 B.R. at 227.

[16] *See In re Jones*, 287 B.R. at 194.